# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTTO G. GIBBS, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-720-LPS |
| ATTORNEY GENERAL OF THE STATE OF DELAWARE, et al., | : |
| Defendants. | : |

Otto G. Gibbs, Wilmington, Delaware, Pro Se Plaintiff.

## MEMORANDUM OPINION

July 9, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Otto G. Gibbs ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] At the time the complaint was filed, Plaintiff was an inmate housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. He has since been released.[2] (D.I. 7) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## II. BACKGROUND

On October 13, 1997, Plaintiff was sentenced to twenty years imprisonment after he was convicted by a jury of unlawful sexual intercourse in the second degree. *See State v. Gibbs*, 2011 WL 3792823 (Del. Super. Ct. Aug. 4, 2011). In anticipation of his release from prison, the State of Delaware filed a petition to have Plaintiff registered as a Tier 3 sex offender. *Id.* at *1. On December 20, 2010, following an evidentiary hearing, a Superior Court Commissioner ("Commissioner") denied Plaintiff's request for a continuance to obtain counsel and granted the State's request to register Plaintiff as a Tier 3 sex offender. *Id.* On March 8, 2011, the Delaware Superior Court approved the Commissioner's ruling and Plaintiff was designated as a Tier 3 sex

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]A March 4, 2013 order mailed to the last address provided by Plaintiff was returned as "undeliverable" on April 5, 2013, with no forwarding address. (*See* D.I. 10, 11)

1

offender. *Id.* Plaintiff alleges that the hearing was held over his objection for lack of notice and to obtain counsel. (D.I. 3 at ¶ IV.2)

In June 2011, Plaintiff was served with a warrant and arrested at the HYRCI for failure to register an address as a Tier 3 offender. (*Id.* at ¶ IV.3) Plaintiff pled guilty to the charges on October 11, 2011, and he received a two month sentence. (*Id.* at Ex. Del. Super. Ct. Crim. Docket, Crim. Action No. IN11070652) Plaintiff alleges that he was forced into taking a guilty plea. (D.I. 3 at ¶ IV.4) Plaintiff alleges that he did not receive notice of the hearing and was not provided counsel.[3] (*Id.* at ¶ IV.5) On August 14, 2012, Plaintiff filed a Rule 61 motion raising the following grounds for relief: (1) denial of counsel; (2) due process violations; and (3) ex post facto and double jeopardy violations – the same grounds he now raises in the instant complaint. (*See* Civ. No. 13, 455-LPS, D.I. 1 Ex) On December 4, 2012, the State Court issued a well-reasoned report and recommendation addressing all issues and summarily dismissed the Rule 61 Motion.[4] *Id.*

---

[3]It is not clear if this allegation is directed to the December 20, 2010 hearing held on the issue of registering Plaintiff as a sex offender or if it is directed to the October 11, 2011 change of plea hearing for failure to register as a sex offender. With regard to the sex registry issue, the criminal docket does not refer to notice of the December 20, 2010 hearing and does not indicate that Plaintiff was represented by counsel. (*See* D.I. 3 Ex. (*Id.* at Ex. Del. Super. Ct. Crim. Docket, Crim. Action No. IN96050521R2) The criminal docket for the October 11, 2011 change of plea hearing indicates that Plaintiff was represented by Beth D. Savitz and that the matter was set and notice provided for an October 11, 2011 final case review. (*Id.* at Ex. Del Super. Ct. Crim. Docket, Crim. Action No. IN11070652)

[4]Plaintiff's appeal of the report and recommendation was dismissed by the Delaware Supreme Court for lack of jurisdiction. *See Gibbs v. State*, 2013 WL 167200, at *1 (Del. Jan. 15, 2013). The Delaware Supreme Court did not have the authority to hear an appeal directly from a report and recommendation of a Superior Court commissioner without intermediate review by a Superior Court judge. *See id.*

Plaintiff alleges that 11 Del. C. § 4120(a) and/or (c) provides insufficient procedural protections, violates the Due Process Clause, Ex Post Facto and Double Jeopardy Clauses, and the right to equal protection. Plaintiff alleges that: (1) § 4120 does not provide for adequate notice of commencement of an evidentiary hearing; (2) pursuant to § 4120, the Commissioner denied Plaintiff's request for counsel over objections and notice; (3) the language in § 4120 creates a legitimate expectation that other petitioners similarly situated were afforded counsel at the sentencing hearing; and (4) application of the statute to Plaintiff decades after he was sentenced violates the Ex Post Facto clause.

Plaintiff seeks declaratory relief that 11 Del. C. § 4120 violated his constitutional rights as well as "removal" of the October 11, 2011 guilty plea.

### III. **LEGAL STANDARDS**

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11. The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

4

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Personal Involvement/Respondeat Superior

Plaintiff names as defendants the Attorney General of the State of Delaware ("Attorney General"), Warden Phil Morgan ("Morgan"), and the Delaware State Police Chief for New Castle County Delaware ("State Police Chief"). The complaint, however, contains no allegations directed towards these Defendants.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved . . . ." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (internal quotation marks and citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *See Brito v.*

5

*United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. Aug. 18, 2010) (citing *Iqbal*, 556 U.S. at 677; *Rode*, 845 F.2d at 1207).

"Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. In *Iqbal*, the Supreme Court emphasized that "[i]n a § 1983 suit – here masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "Thus, when a plaintiff sues an official under § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010). The factors necessary to establish a § 1983 violation will vary with the constitutional provision at issue. *Id.*

Under pre-*Iqbal* Third Circuit precedent, "[t]here are two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which supervisors can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010) (internal quotation marks omitted). "Particularly after *Iqbal*, the connection between the supervisor's directions and the constitutional deprivation must be sufficient to demonstrate a

6

plausible nexus or affirmative link between the directions and the specific deprivation of constitutional rights at issue." *Id.* at 130.

The Third Circuit has recognized the potential effect that *Iqbal* might have in altering the standard for supervisory liability in a § 1983 suit but, to date, has declined to decide whether *Iqbal* requires narrowing of the scope of the test. *See Santiago*, 629 F.3d at 130 n.8; *see also Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60 (3d Cir. 2011) ("To date, we have refrained from answering the question of whether *Iqbal* eliminated – or at least narrowed the scope of – supervisory liability because it was ultimately unnecessary to do so in order to dispose of the appeal then before us."). Hence, it appears that, under a supervisory theory of liability, and even in light of *Iqbal*, personal involvement by a defendant remains the touchstone for establishing liability for the violation of a plaintiff's constitutional right.[5] *See Williams v. Lackawanna Cnty. Prison*, 2010 WL 1491132, at *5 (M.D. Pa. Apr. 13, 2010).

Facts showing personal involvement of the defendant must be asserted; such assertions may be made through allegations of specific facts showing that a defendant expressly directed the deprivation of a plaintiff's constitutional rights or created such policies where the subordinates had no discretion but to act in a fashion which actually produced the alleged deprivation; *e.g.*, supervisory liability may attach if the plaintiff asserts facts showing that the supervisor's actions were "the moving force" behind the harm suffered by the plaintiff. *See Sample*, 885 F.2d at

---

[5] "'Supervision' entails, among other things, training, defining expected performance by promulgating rules or otherwise, monitoring adherence to performance standards, and responding to unacceptable performance whether through individualized discipline or further rulemaking." *Sample v. Diecks*, 885 F.2d 1099, 1116 (3d Cir. 1989). "For the purpose of defining the standard for liability of a supervisor under § 1983, the characterization of a particular aspect of supervision is unimportant." *Id.* at 1116-17.

7

1117-18; *see also Iqbal,* 556 U.S. at 677-87; *City of Canton v. Harris,* 489 U.S. 378 (1989).

Plaintiff provides no facts describing how the foregoing Defendants allegedly violated his constitutional rights, that they expressly directed the deprivation of his constitutional rights, or that they created policies leaving subordinates no discretion but to act in a fashion which actually produced the alleged deprivation. Plaintiff has alleged no facts to support personal involvement by any of the foregoing Defendants. Accordingly, the Court will dismiss as frivolous all claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B.    Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. June 3, 2011). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or been called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994).

In *Heck,* the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court has explained that, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no

matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff has not alleged nor proven that his conviction or sentence was reversed or invalidated as provided by *Heck*. Therefore, the Court will dismiss the claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Amendment of the Complaint is futile.

An appropriate Order follows.